## WILLIAMS, Administrator, et v. BERRY

Ohio Appeals, 3rd Dist., Crawford Co.

Decided Jan. 7, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**127. BANKRUPTCY.**

1. The bankruptcy act provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts except * * * such as are for wilful and malicious injury to the property of another.

2. Wrongfully driving car after obtaining same from son at place other than he had been given permission to drive it, and by reason of careless conduct, injury and damage to same, does not constitute wilful or malicious injury to automobile in question.

Error to Common Pleas.
Judgment reversed

Edward J. Myers, Bucyrus, for Williams.

Clarence U. Ahl and A. S. Leuthold, Bucyrus, for Berry.

FULL TEXT

Before Judges Crow, Hughes and Justice.
HUGHES, J.

Plaintiff brought her action to recover against Arthur Williams for damages done to her automobile, alleging before the justice of the peace, facts which show that Williams wrongfully drove the car after obtaining the same from the son, at a place other than he had been given permission to drive it, and by reason of his careless conduct, the same was injured and damaged.

The facts in the bill of particulars further show that thereafter, he and his mother signed a written paper wherein they agreed to pay the expenses of having the car repaired.

A judgment in the justice court was rendered against both parties and the cause was appealed to the court of common pleas by Arthur Williams only. Thereafter he died, and his administrator was substituted.

Objection is made to the petition filed in the court of common pleas, on the theory that it is a departure from the case plead in the justice court. We do not entertain this view of the case. As far as Arthur Williams is concerned, the petition sets forth the same wrongful acts resulting in injury to the automobile, that were set forth in the justice court.

Sometime after the case was started, Williams took the benefit of the bankruptcy act and was discharged in bankruptcy; and this was plead as a defense to this action, and the principal contention here made of merit, is that this claim or liability asserted in this case is discharged by the bankruptcy act.

The bankruptcy act provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts except * * such as are for wilful and malicious injury to the property of another.

We have carefully read the evidence in this case, and in view of the construction placed upon this portion of the bankruptcy act, in the case of Tinker v. Caldwell, 24 U. S. Supreme Court Reporter, 505; and In re Wilson, 269 Federal, 845; 298 Federal Reporter, 135, and similar cases, we are unable to find any evidence in the record tending to prove that the liability of Arthur Williams was for any wilful or malicious injury to the automobile in question.

The motion of the defendant asking for a directed verdict should have been sustained, and the judgment is reversed and the cause remanded for new trial.